## JOHN C. IRWIN, Adm'r,

### v.

## AMOS ATKINS ET AL.

INSTRUCTIONS—MUST BE BASED ON THE EVIDENCE.—There was no testimony in this case upon certain points, upon which to base the instructions given for the defendants, and the instructions were therefore misleading, and the case is for that reason reversed.

ERROR to the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed April 7, 1881.

Messrs KROME & HADLEY, for plaintiff in error; that the plaintiff was entitled to have his instruction given without modification, cited State of Illinois v. Wilson, 2 Scam. 225 ; Cohen v. Schick, 6 Bradwell, 280.

The taking of a promissory note for a pre-existing debt is only *prima facie* or conditional payment. It is payment only if the note is duly paid at maturity : Morrison v. Smith, 81 Ill. 221 ; Miller v. Lumsden, 16 Ill. 161 ; McConnell v. Stettinius, 2 Gilm. 707; Wood v. Mer. Sav. Co. 41 Ill. 267; Olcott v. Rathburn, 5 Wend. 490.

When anything else than payment is accepted as satisfaction, it must appear that such was the intention of the parties: Flower v. Ellwood, 66 Ill. 438.

Novation destroys the prior obligation, but novation will not take place if the second obligation is void: Brandt on Suretyship, § 290; Mitchell v. Colton, 2 Fla. 136; Williams v. Gilchrist, 11 N. H. 535; 2 Parsons on Notes, 527.

This was a promise to pay the debt of another, and void under the statute of frauds: Jackson v. Rayner, 12 Johns. 291; Wharton v. Walker, 6 Dow. and Ry. 288; Cuxon v. Chandley, 3 B. and C. 591; Liveridge v. Broadbent, 4 Hurl. and N. 603; Eddy v. Roberts, 17 Ill. 505.

Messrs. WISE & DAVIS, for defendant in error; that upon a settlement of accounts between parties, the balance found due

becomes an original demand, cited Ashley v. Hill, 6 Conn. 246; Bass v. Bass, 8 Pick. 187; Sutphen v. Cushman, 35 Ill. 186; McClellan & West, 70 Pa. St. 183; Throop v. Sherwood, 4 Gilm. 92; Holmes v. DeCamp, 1 Johns. 34.

In a settlement of accounts between parties, a strong presumption arises that all the items of account are included, and the burden of proving the contrary is upon him who contests the settlement: Niles v. Harmon, 80 Ill. 396; Straubher v. Mohler, 80 Ill. 21; Bull v. Harris, 31 Ill. 489.

The old contract was obliterated by the giving of the new note : Wickencamp v. Wickencamp, 77 Ill. 92; Crabtree v. Rowand, 33 Ill. 421.

The court has the right to modify instructions; G. & C. U. R. R. Co. v. Jacobs, 20 Ill. 478; N. L. Packet Co. v. Binninger, 70 Ill. 571; Ryan v. Donnelly, 71 Ill. 100; Reinback v. Crabtree, 77 Ill. 182.

The giving of a note is *prima facie* settlement of an account, and no recovery can be had upon the original indebtedness without accounting for the note: Morrison v. Smith, 81 Ill. 221; Miller v. Lumsden, 16 Ill. 161; McConnell v. Stettinius, 2 Gilm. 707.

WALL, P. J. This case was before us at a former term, and was reversed because we regarded the evidence as not sufficient to sustain the defense that the note sued on had been discharged. The case has been again tried, resulting in a verdict and judgment for defendant as before, and we are again asked by the plaintiff to examine the record. Upon the last trial the general issue was withdrawn, and as to defendant Job there were the special pleas previously filed and two additional pleas, one of which alleged among other things that Job was only a surety; that the payee of the note, and defendant, Atkins, had a settlement of this and various other matters, at which settlement a balance was struck in favor of the payee $490, and the note being mislaid, an affidavit of the fact was surrendered in lieu of it, and that it was then and there considered and agreed by the parties that this note was thereby cancelled and satisfied. The other special plea alleged the same things in

substance with the addition that at the time of the settlement, which was in 1873, some six years before suit, Atkins was perfectly solvent; that Job was at the time informed of the settlement, and supposed, as he had a right to do, that the note was discharged, and that Atkins had since become insolvent. The other special pleas by Job were that he was surety, and that for a valuable consideration the payee had extended the time without his consent; that the note had been canceled upon a settlement had between the payee and Atkins; and that the note had been paid. The evidence is substantially the same as on the former trial, except that there is proof of the insolvency of Atkins, and that there is evidence tending to show that upon the settlement referred to, the defendant Atkins gave Gillham, the payee, a new note for the amount then found due, $490, the new note being in lieu of the note sued on, and that the agreement was that this new note was to be paid by discharging certain indebtedness held by the school trustees against Gillham's intestate.

The fact that there was a new note given, is not averred in the pleas, nor is it referred to in the instructions given on the part of the defendants, yet there is testimony tending to show that there was such a note so given. The settlement referred to, embraced as it seems the note in suit and some other notes held by Gillham against Atkins, not signed by Job. Against these notes Atkins had accounts, the precise character of which is not disclosed ; and the result of the settlement was, that there was found due Gillham $490, a sum less than the amount of principal and interest, then due on this note. It would seem that the other notes held by Gillham were surrendered, and that the amount due on this note was, by the settlement reduced to $490, and the chief question of fact is, what was the arrangement as to this balance ? Was it considered paid, a new note being given in its place, or was there a conditional agreement that if Atkins paid this amount to the school trustees the note should be discharged ? The evidence being thus, there was great necessity that the instructions should be clear, accurate and in no wise calculated to mislead the jury. At the instance of the defendant, the follow-

ing were given : " If the jury believe from the evidence that the defendant, Atkins, was owing the note sued on, and that Z. B. Job was only security on the same, and that after the said note became due, the payee of the note, J. K. Gillham claimed to have lost the note, and made an affidavit to that effect, and that Amos Atkins and said J. K. Gillham, in February, 1873, had a full settlement of the *various notes and accounts which each held against the other* and the note sued on was part of, and included in the settlement, and there was found due on said settlement, from Amos Atkins to said Gillham the sum of $490, and that upon said settlement, *and in consideration of the delivery to said Gillham by said Atkins of the notes and accounts he held against said Gillham, he, the said Gillham, delivered up to said Atkins the affidavit so made of the loss of the note instead of and in place of the note,* and Job knew of said settlement, and that said Atkins was then financially good, but is now and was when this suit was commenced, insolvent, then the said Job is released from any liability on the said note, and the jury will so find.   If the jury believe from the evidence that the defendant Atkins made the note sued on, and was owing the same, and that defendant Z. B. Job, only signed the same as security, and that after said note became due, the payee of the note, J. K. Gillham, claimed to have lost the note, and made affidavit to that effect, and that Amos Atkins and said J. K. Gillham, in February, 1873, had full settlement *of various notes and accounts, which each held against the other,* and in which settlement was included the note sued on, and upon said settlement there was found due to said Gillham from said Atkins the sum of $490, and if the jury further believe from the evdence, that upon said settlement, *and in consideration of the delivery to said Gillham by said Atkins, of the notes and accounts he held against said Gillham, he, the said Gillham, delivered up to said Atkins the affidavit so made, of the loss of the note, instead of and in place of the note sued on, and that Gillham received his own notes and accounts in satisfaction of this note,* then the said note is paid and defendant, Job, released, and the plaintiff cannot maintain this action on the note, but must

sue said Atkins for the amount due on the settlement, and the jury must find for the defendants.  As we read the evidence it does not furnish the proper foundation for these instructions.

The portions we have underscored would imply there was proof that the parties mutually held notes and accounts against each other, and that the affidavit of the loss of the note in suit was given up in consideration of the delivery to Gillham of the notes and accounts held by Atkins against him, " and that Gillham received his own notes and accounts in satisfaction of this note."  The testimony does not show such a state of facts. As already stated, the most that can be said of it is that the settlement resulted in the surrender of the other notes of Atkins held by Gillham, and the reduction of the amount due on this note to $490, leaving as the great point in dispute what was the arrangement as to the payment of this balance, and by that arrangement whatever it was, did the parties intend that this note was then and there extinguished?  There was no pretense that " Gillham received his own notes and accounts in satisfaction of this note," and we think these instructions assumed facts not proved and were calculated to mislead the jury. We see no serious objection to the modification of the plaintiff's instruction, since, as we have stated, there was evidence tending to prove that a new note was given in place of the present one, and to this point the modification may refer.  We reverse the case for the error indicated, and remand the cause for another trial.

Reversed and remanded.